**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO.**    3:23CV-180-CHB
***\*\*ELECTRONICALLY FILED\*\****

**JOEL MARTINEZ**
**and BEATRIZ BRIDON**                                                                     **PLAINTIFFS**

**-vs-**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**                                                                    **DEFENDANT**

---

## NOTICE OF REMOVAL

---

Comes now the Defendant, State Farm Mutual Automobile Insurance Company
(hereinafter "State Farm"), by and through counsel, and for its Notice of Removal herein and
states as follows:

1.  That this Defendant hereby exercises its rights under the provisions of 28 U.S.C. § 1332,
28 U.S.C. § 1441, and 28 U.S.C. § 1446 of the United States Code, to remove this action from
the Circuit Court of Jefferson County, Kentucky, in which such action is now pending.

2.  That Plaintiff filed this civil action on November 15, 2022, in Jefferson Circuit Court,
Commonwealth of Kentucky, styled *Joel Martinez and Beatriz Bridon v. State Farm Mutual*
*Automobile Insurance Company*, Civil Action No. 22-CI-005932,[1] as a result of an automobile
accident that took place on or about July 23, 2022, on Preston Highway in Jefferson County,
Kentucky.[2] The Complaint asserts a claim for underinsured motorist (UIM) benefits "for losses
and damages… caused by the negligent operation of a vehicle by third persons [that were]

---

[1] See attached record of Jefferson Circuit Court, attached hereto as **Exhibit A.**
[2] See paragraphs 1 and 5 of Plaintiffs' Complaint, attached hereto as **Exhibit B.**

uninsured and/or underinsured at the time of the accident."[3] State Farm has denied payment for these claims as, at the time of the accident, Plaintiff did not have an active policy providing either uninsured or underinsured motorist coverage.[4] Plaintiffs' Complaint alleges the Plaintiffs sustained bodily injuries and property damage as a result of the subject collision,[5] but does not allege any specific monetary amount for these damages. Plaintiff's Complaint includes several other claims, including claims for insurance fraud under KRS 304.47-020,[6] fraud,[7] and bad faith arising under the Kentucky Unfair Claims Settlement Practices Act (UCSPA).[8]

3.   This notice of removal is timely filed under 28 U.S.C. § 1446, having been filed less than one year from the date of the commencement of the action on November 15, 2022, and within thirty (30) days "of a copy of an amended pleading, motion, order or other paper from which it [could] first be ascertained that the case… has become removable,"[9] namely the Plaintiffs' Answers to this Defendant's Interrogatories and Requests for Production of Documents, which were served on this Defendant on March 15, 2023.[10] *Berera v. Mesa Med. Group, PLLC*, 779 F.3d 352, 365 (6th Cir. 2015). Plaintiff Joel Martinez's Answer to Interrogatory No. 18, which requests an itemization of his alleged damages, states that Plaintiff Martinez has sustained at least $22,414.23 in past medical expenses (and is awaiting the remainder of his medical bills) and $500,000 in pain and suffering.[11] Plaintiff Beatriz Bridon's Answer to the same

---

[3] Id., paragraphs 9-10 and 27-30.
[4] Answer of State Farm Mutual Automobile Insurance Company, Paragraphs 9-10.
[5] Id., paragraphs 6-7.
[6] Id., paragraphs 11-14.
[7] Id., paragraphs 22-26.
[8] Id., paragraphs 15-21.
[9] 28 U.S.C. § 1446(b)(3).
[10] Plaintiff Joel Martinez's Answers to Defendant's Interrogatories and Requests for Production of Documents, Answer No. 18 and Plaintiff Beatriz Bridon's Answers to Defendant's Interrogatories and Requests for Production of Documents, Answer No. 18, attached hereto collectively as **Exhibit C**.
[11] Plaintiff Joel Martinez's Answers to Defendant's Interrogatories and Requests for Production of Documents, Answer No. 18, attached hereto as **Exhibit C**.

interrogatory states that Plaintiff Bridon has sustained $19,286.33 in past medical expenses and

$500,000 in pain and suffering.[12] Accordingly, as this action was removed within one year of the

date of filing and within thirty (30) days of the establishment of the amount in controversy

through the Plaintiffs' discovery responses, this removal is timely filed.

    4.   That the conclusion that the amount in controversy requirement has been met is further

supported by Plaintiffs' allegations of fraud, insurance fraud, and bad faith under the UCSPA.

Plaintiffs' Complaint asserts that if Plaintiffs are successful in proving their claims for violation

of the UCSPA, Plaintiffs will be entitled to recover "interest stated therein, attorney fees and

punitive damages."[13] The UCSPA provides for interest of 12% per annum upon a finding of bad

faith per KRS 304.12-235(2),[14] and recovery of attorney fees per KRS 304.12-235 (3).[15] As for

punitive damages,[16] in using Plaintiffs' claim for damages totaling $522,414.23 for Plaintiff

Martinez and $519,286.33 for Plaintiff Bridon, and a conservative estimate of a 1:1

punitive/compensatory damage ratio,[17] the totality and nature of these extra-contractual claims

make it more likely than not that, coupled with the Plaintiffs' claims of damages in their

---

[12] Plaintiff Joel Martinex's Answers to Defendant's Interrogatories and Requests for Production of Documents, Answer No. 18, attached hereto as **Exhibit C**.

[13] Paragraph 21 of Plaintiffs' Complaint, attached hereto as **Exhibit B**.

[14] This interest will continue to accrue until the case goes to trial, which has not yet been set. In calculating the amount in controversy, Courts of the Sixth Circuit have permitted prospective damages to be considered in calculating the amount in controversy for jurisdiction purposes. *See White v. Loomis Armored US, Inc.*, 729 F. Supp. 2d 897, 902 (E.D. Mich. 2010); *Sleiman v. Nat'l. Cas. Ins.*, No. 11-10694, 2011 WL 2160271 (E.D. Mich. June 1, 2011).

[15] *Hampton v. Safeco Ins. Co. of Am.*, 614 F. App'x 321, 323 (6th Cir. 2015), holding that, in calculating the amount in controversy, courts can consider statutorily authorized attorney's fees.

[16] *Hayes v. Equitable Energy Res. Co*., 266 F.3d 560, 572 (6th Cir. 2001) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered… unless it is apparent to a legal certainty that such cannot be recovered.") (citing Holley Equip. Corp. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987)).

[17] *Fields v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-CV-84-H, 2008 U.S. Dist. LEXIS 29200, at *9 (W.D. Ky. Apr. 4, 2008) ("Combining Plaintiff's contract claim with a conservative 1-1 ratio of punitive damages and statutory attorneys fees pursuant to Ky. Rev. Stat. Ann. Â§ 304.12-235, the amount in controversy is easily met.") (citing *Hollon v. Consumer Plumbing Recovery Center*, 417 F. Supp. 2d 849, 853 (E.D. Ky. 2006) (combining actual damages with a 1-1 ratio of punitive damages and attorneys fees in an amount of thirty percent to conclude that the amount in controversy was met)).

Complaint and Answers to Interrogatories, both Plaintiffs seek to recover amounts in excess of this Court's jurisdictional threshold of $75,000.[18]

5.   Moreover, the claims of each Plaintiff may also be aggregated to reach the amount in controversy as Plaintiffs seek recovery under a "common fund" (a purported insurance policy) in which each Plaintiff shares a common interest. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 1424 (6th Cir. 2006) (noting the "paradigm 'common fund' cases" involve, among other types of claims, "claims to… an insurance policy"). This further supports the conclusion that Plaintiffs' alleged damages meet the jurisdictional threshold of this Court.

6.   Based on information and belief, Plaintiffs are, and have been since the commencement of this action, citizens of Louisville, Jefferson County, Kentucky.[19] There are presently no known facts indicating that either Plaintiff has taken up a new residence or that either intended to remain a resident of any new domicile. *Napletana v. Hillsdale College*, 385 F.2d 871, 872-73 (6th Cir. 1967). Thus, Plaintiffs were, as of the commencement of the present action, considered to be domiciled in and citizens of Kentucky pursuant to *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968).

7.   Defendant State Farm is currently, and was at the commencement of this action, a mutual insurance company incorporated in the state of Illinois, where it maintains its principal place of business. Therefore, State Farm is considered a citizen and domiciliary of the state of Illinois pursuant to 28 U.S.C. § 1332(c).

---

[18] The Sixth Circuit has held that where the complaint is for unspecified damages, the defendant may prove that removal is proper by showing that it is more likely than not that a plaintiff's claims involve more than $75,000. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993).

[19] Paragraph 2 of Plaintiff's Complaint, attached hereto as **Exhibit B**; Each Plaintiff's Answer to Defendant's Interrogatories and Requests for Production of Documents, Answer to Interrogatory No. 1, attached hereto collectively as **Exhibit C**.

8.   That complete discovery of citizenship exists between the Plaintiffs and Defendant State Farm as Plaintiffs are citizens of Kentucky and Defendant State Farm being a citizen of Illinois.

9.   Under 28 U.S.C. § 1332(a), a federal court has original diversity jurisdiction over a matter where the suit is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of costs.

10. Under 28 U.S.C. § 1441 and § 1446, a defendant may remove an action filed in state court to the federal district court in which the state court where the action was originally brought sits, provided that it could have been initially brought in federal court. That under the foregoing provisions of the United States Code, this Court has original diversity jurisdiction over Plaintiffs' claim against Defendant State Farm as diversity of citizenship exists, and the amount in controversy claimed by the Plaintiffs more likely than not exceeds the minimum jurisdictional amount of $75,000 based on the allegations contained in Plaintiffs' Complaint and Plaintiffs' Answers to Interrogatories.

11. That, pursuant to 28 U.S.C. §1441(a), venue of the removed action is proper in the United States District Court for the Western District of Kentucky, at Louisville, as the district and division embracing the Court where that certain civil action, *Joel Martinez and Beatriz Bridon v. State Farm Mutual Automobile Insurance Company*, Civil Action No. 22-CI-05932, is now pending, that being Jefferson Circuit Court, in Jefferson County, Kentucky.

12. That this Defendant, State Farm, does hereby remove this cause of action from the Circuit Court of Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky, at Louisville.

13. That written notice of the filing of this Notice of Removal has this day been given to all parties to the action as required by law, and a true copy of this Notice of Removal has this day been mailed to the Clerk of the Circuit Court of Jefferson County, as required by law.

WHEREFORE, Defendant State Farm prays that this action be removed to this Court and that this Court accept jurisdiction of this action. Defendant State Farm further prays that this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally instituted in this Court.

Respectfully submitted,

PORTER, BANKS, BALDWIN, SHAW, PLLC

*/s/ Darrin W. Banks*
Darrin W. Banks
Laura F. Disney
327 Main Street, P.O. Drawer 1767
Paintsville, Kentucky 41240-1767
Telephone:  (606) 789-3747
Facsimile:   (606) 314-0470
dbanks@psbb-law.com
ldisney@psbb-law.com
*Counsel for Defendant State Farm Mutual*
*Automobile Insurance Company*

6

## CERTIFICATE OF SERVICE

I certify that the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronically filing of all CM/ECF participants. It is further certified that a true copy hereof was served via U.S. main and/or email upon the following on this the 13th day of April, 2023:

Marc Hellmueller
Alex R. White, PLLC
904 Minoma Avenue
Louisville, KY 40217
Marc@arwhitelaw.com
*Counsel for Plaintiffs*

/s/ Darrin W. Banks
Darrin W. Banks